IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Reita N. Agarwal, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-1149 |
| ) | JUDGE ECHOLS/BRYANT |
| Gordon H. Mansfield, Acting Secretary of ) | |
| Veterans Affairs, Department of Veterans ) | Jury Demand |
| Affairs, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED CASE MANAGEMENT ORDER

In accordance with Local Rule 11(d), the parties submit the following proposed case management order for the Court's approval.

**I.     Jurisdiction and Venue**

Jurisdiction is in dispute and is based upon 28 USC § 1331.

**II.    Parties' Theories of the Case**

    **A.     Plaintiffs' Theory of the Case**

This is a claim of retaliation for having filed lawsuit charges of discrimination in August 2005. The Plaintiff was temporarily removed from her position as an Emergency Room Physician at the Alvin C. York Campus of the Tennessee Valley Health Care Department of Veterans Affairs. She was placed in the Never Been Here Clinic. As a result of having filed a charge of discrimination against the Defendant, the Plaintiff has been denied the opportunity to be transferred back to her former position as an Emergency Room Physician The Defendant's retaliatory actions have caused the Plaintiff to lose income as she has been assigned to a lower pay scale and she has been denied an opportunity for advancement.

### B. Defendant's Theory of the Case

Defendant denies all allegations of discrimination as to retaliation or on any other basis. Further, Defendant submits that it had legitimate, nondiscriminatory reasons for the alleged personnel actions taken. Defendant contests jurisdiction because as to some of her claims, Plaintiff has failed to exhaust her administrative remedies and as to others her claims are now moot.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures by **February 19, 2008**. The parties held their Rule 26(f) conference on **February 4, 2008**.

#### B. Other Pretrial Discovery Matters

As determined at the case management conference on **Monday, February 4, 2008**, this action is set for a jury trial on **February 17, 2009, at 9:00 a.m. before Senior Judge Echols.**

A pretrial conference shall be held on **January 26, 2009, at 1:30 p.m.** Judge Echols will issue a separate order setting forth his requirements for the pretrial conference and trial.

A follow-up case management conference by telephone is set for **July 22, 2008, at 10:00 a.m.** Counsel for plaintiff shall initiate this call.

All discovery shall be completed by the close of business on **August 15, 2008**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **August 15, 2008**. All discovery related motions shall be filed by the close of business on **September 15, 2008**. No motions related to discovery or for a protective order shall be filed

until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed by the close of business on **October 17, 2008,** and any response thereto shall be filed by the close of business on **October 31, 2008**. Any reply shall be filed by the close of business on **November 13, 2008.**

Any motion to amend the pleadings or join parties shall be filed by April 15, 2008. No amendments will be allowed if to do so will result in a delay in the deposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **June 1, 2008,** the plaintiff shall declare to the defendants (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **July 1, 2008,** the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **July 31, 2008.** There shall not be any rebuttal expert witnesses.

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply

in this action, and strict compliance is required.

### IV. Identification of Significant Witnesses and Documents

At this time, the parties are in the process of identifying witnesses.

### V. Necessity of any Expert Witness

The parties will have expert witnesses on issues of damages.

### VI. Estimated Time to Complete Discovery

The parties anticipate that discovery may be completed in approximately six months.

### VII. Prospects for Settlement

The parties have not discussed settlement since suit was filed. The parties have not determined at this time if a settlement conference or mediation would be productive.

It is so Ordered the 4th day of February, 2008.

*s/ John S. Bryant*
Magistrate Judge John S. Bryant

APPROVED FOR ENTRY:


s/James B. Johnson
James B. Johnson
STITES & HARBISON PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 782-2200

Attorneys for Reita N. Agarwal

s/Mercedes C. Maynor-Faulcon *(w/permission)*
Mercedes C. Maynor-Faulcon
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
(615) 736-5151

Attorneys for Department of Veterans Affairs

764319:1:NASHVILLE