IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Reita N. Agarwal, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 3:07-1149 |
| JAMES B. PEAKE, Secretary, | ) JUDGE ECHOLS |
| Department of Veterans Affairs, | ) Jury Demand |
|     Defendant. | ) |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff's Reita Agarwal respectfully submits the attached jury instructions to be used at the trial of this action. These are instructions as to which plaintiff and defendant have not been able to communicate about or reach agreement.

s/James B. Johnson<br>
James B. Johnson<br>
STITES & HARBISON, PLLC<br>
SunTrust Plaza<br>
401 Commerce Street, Suite 800<br>
Nashville, Tennessee 37219<br>
Telephone: (615) 782.2200

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **Civil Action No. 3:07-1149** |
| **JAMES B. PEAKE, Secretary,** | ) **JUDGE ECHOLS** ) |
| **Department of Veterans Affairs,** | ) **Jury Demand** ) |
| **Defendant.** | ) ) |

## **RETALIATION GENERALLY**

Title VII protects employees and former employees who attempt to exercise the rights guaranteed by the Act against retaliation by employers.

Reita Agarwal claims that the Department of Veterans Affairs discriminated against her because she filed a charge of discrimination against the agency under Title VII of the Civil Rights Act of 1964.

42 U.S.C.A. § 2000E-3(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Reita N. Agarwal, | ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 3:07-1149 |
| JAMES B. PEAKE, Secretary, Department of Veterans Affairs, | ) ) JUDGE ECHOLS ) ) Jury Demand |
| Defendant. | ) ) ) |

## RETALIATION/ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM

To prevail on a claim of retaliation, Reita Agarwal must prove all of the following by a preponderance of the evidence:

First: Dr. Agarwal engaged in conduct protected by Title VII of the Civil Rights Act of 1964.

Second: Dr. Agarwal suffered a materially adverse employment change in the terms or conditions of her employment at the time or after the protected conduct took place; and

Third: The Department of Veterans Affairs made a materially adverse change in the terms or conditions of Dr. Agarwal because of the conduct protected by Title VII of the Civil Rights Act of 1964.

An action is materially adverse if the challenged actions could well discourage a reasonable employee from complaining about discrimination.

42 U.S.C.A. § 2000e-3(a).

Your verdict must be for the Defendant Veterans Affairs if Reita Agarwal has not proved any of the above elements by a preponderance of the evidence or if the VA proves that it was not motivated by Dr. Agarwal's participation in protected activity.

*DeCorte v. Jordan,* 497 F.3d 433 (5th Cir. 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Reita N. Agarwal, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:07-1149 |
| JAMES B. PEAKE, Secretary, Department of Veterans Affairs, | ) JUDGE ECHOLS ) ) Jury Demand |
|     Defendant. | ) ) ) |

## **RETALIATION/CAUSATION**

    Plaintiff Reita Agarwal has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant Veterans Affairs.

*Arban v. West Publishing Corp.,* 345 F.3d 390 (6th Cir. 2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Reita N. Agarwal, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-1149 |
| ) | JUDGE ECHOLS |
| JAMES B. PEAKE, Secretary, ) | |
| Department of Veterans Affairs, ) | Jury Demand |
| ) | |
| Defendant. ) | |
| ) | |

## RETALIATION/PREPONDERANCE OF THE EVIDENCE

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact or issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955 (10th Cir. 2002); *Rice v. Sunrise Express*, 209 F.3d 1008, 1018 (7th Cir. 2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 3:07-1149 |
| **JAMES B. PEAKE, Secretary,** | ) **JUDGE ECHOLS** |
| **Department of Veterans Affairs,** | ) Jury Demand |
| **Defendant.** | ) |

## RETALIATION/DAMAGES

If you find in favor of Plaintiff Reita Agarwal on his retaliation claim, then you must award Plaintiff the amount of any wages, salary and employment benefits Plaintiff would have earned in her employment with Defendant Veterans Affairs if Plaintiff had not been denied VISN-9 training and been permanently reassigned to the Never Been Here Clinic on March 25, 2006 through the date of your verdict, minus the amount of earnings and benefits from other employment received by Plaintiff Reita Agarwal during that time.

29 U.S.C. § 2617(a)(1)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** | ) |
|     **Plaintiff,** | ) |
| v. | ) Civil Action No. 3:07-1149 |
| **JAMES B. PEAKE, Secretary,** | ) JUDGE ECHOLS |
| **Department of Veterans Affairs,** | ) Jury Demand |
|     **Defendant.** | ) |

**RETALIATION/CAUSATION AND BURDEN OF PROOF**

    Plaintiff Reita N. Agarwal has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Reita N. Agarwal has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant Veterans Affairs. Plaintiff always retains the ultimate burden of persuading you the jury that Defendant Veterans Affairs retaliated against her because of his participation in protected activity.

    To establish by the preponderance of the evidence means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

    In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all

witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Brenneman v. MedCentral Health System,* 366 F.3d 412, 418 (6th Cir. 2004); *Lauren v. Providence Hospital.*, 150 F.3d. 52, 56 (1st Cir.1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JAMES B. PEAKE, Secretary,** )<br>**Department of Veterans Affairs,** )<br>)<br>**Defendant.** )<br>) | **Civil Action No. 3:07-1149**<br>**JUDGE ECHOLS**<br>**Jury Demand** |

**RETALIATION/COMPENSATORY DAMAGES**

If you find defendant Veterans Affairs retaliated against plaintiff Reita N. Agarwal, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Reita N. Agarwal proves were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation – no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Reita N. Agarwal experienced as a consequence of the defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages

based on sympathy, speculation or guess work. On the other hand, the law does not require the plaintiff Reita N. Agarwal prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

42 USCA §1981a; *Wade v. Orange County Sheriff's Office*, 844 F.2d. 951, 955 (2nd Cir.1998); *Gunby v. Pennsylvannia Elec.Co.*, 840 F.2d 1108, 1121-22 (3rd Cir. 1988).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 3:07-1149 |
| **JAMES B. PEAKE, Secretary,** | ) **JUDGE ECHOLS** |
| **Department of Veterans Affairs,** | ) Jury Demand |
| **Defendant.** | ) |

## **RETALIATION/PUNITIVE DAMAGES**

In addition to actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of plaintiff on her retaliation claim, then you must decide whether defendant acted with malice or reckless indifference to plaintiff's right not to be discriminated against on the basis of a disability. Defendant acted with malice or reckless indifference if: It has been proved by the preponderance of the evidence that the Defendant Veterans Affairs knew that the Plaintiff's denial of VISN-9 training or reassignment was in violation of the law prohibiting retaliation, or acted with reckless disregard of that law.

However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages. Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.[1]

---

[1] [Post-judgment issue for The Court] The sum of compensatory and punitive damages awarded under the ADA is capped at $300,000. *See* 42 USCS § 1981a(b)(3) (2005).

Your punitive damages award must bear a reasonable relationship to the Plaintiff's actual injury. In determining a reasonable relationship to the actual injury, you must consider all relevant factors, which include:

1. The impact or severity of Defendant Veterans Affair's conduct.

2. The amount of time Defendant Veterans Affairs conducted itself in this manner.

3. The amount of compensatory damages awarded to the Plaintiff.

4. The potential profits Defendant may have made from Defendant's conduct.

5. The attitudes and actions of Defendant's top management after the misconduct was discovered.

6. The effect of the damages award on Defendant's financial condition.

42 U.S.C.A § 1981(b)(1); *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999); *Lampley v. Onyx Acceptance Corp.,* 340 F.3d 478, 482 (7th Cir. 2003), *cert. denied,* 540 U.S. 1182 (2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Reita N. Agarwal,** | ) |
|     **Plaintiff,** | ) ) ) |
| v. | ) ) **Civil Action No. 3:07-1149** |
| **JAMES B. PEAKE, Secretary,** | ) **JUDGE ECHOLS** |
| **Department of Veterans Affairs,** | ) ) **Jury Demand** |
|     **Defendant.** | ) ) |

## VERDICT FORM – SPECIAL INTERROGATORIES

Do you find by a preponderance of the evidence:

1. That Defendant retaliated against Plaintiff because she participated in protected activity?

    Yes____     No____

If you answered No to question 1, you need not answer the remaining questions.

2. That Plaintiff should be awarded damages for lost wages and benefits?

    Yes____     No____

If your answer to Question 2 is Yes,

    What amount, if any, should be awarded for lost wages? $_____

    What amount, if any, should be awarded for lost benefits? $_____

3. That a higher managerial official of the Defendant acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination based on her engagement in protected activity?

    Yes____     No____

If your answer to Question 3 is Yes, go on to question 4. If your answer is No, please sign this Verdict Form.

  4. That Defendant's managerial official acted contrary to Defendant's good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

  Yes___  No___

If your answer to Question 4 is No, what amount of punitive damages, if any, should be awarded against the Defendant? $_____

SO SAY WE ALL.

  Dated this ___ day of February, 2009.

                _____
                Foreperson

**Authority**

Adapted from 3C O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 171.20 (2001 & Supp. 2003).

# CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2009, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

<u>Via Court's ECF Notice</u>:

Mercedes C. Maynor-Faulcon  *(mercedes.maynor-faulcon@usdoj.gov)*
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203-3870

Alan E. Foster *(alan.foster@va.gov)*
Staff Attorney
Office of the Regional Counsel
U.S. Department of Veterans Affairs
3322 West End Avenue, Suite 509
Nashville, TN 37203

                                              s/James B. Johnson
                                              James B. Johnson